ELLIS, Judge:
This is a suit for recovery of benefits under the “Coverage T — Total Disability” provisions of an automobile policy issued to Sylvester Ray Johnson by State Farm Mutual Automobile Insurance Company. From a judgment awarding plaintiff benefits, penalties and attorney’s fee, defendant has appealed.
Coverage T provides as follows:
“Coverage T — Total Disability — Maximum 200 Weeks. To pay weekly indemnity at the rate stated in the exceptions for the period of continuous total disability of the insured which shall result directly and independently of all other causes from bodily injury caused by accident and sustained by the insured while in or upon or while entering into or alighting from, or through being struck by an automobile, provided (1) such disability shall commence within twenty days after the date of the accident, and (2) any disability during the period of fifty-two weeks from its commencement shall be deemed total disability only if it shall continuously prevent the insured from performing every duty pertaining to his occupation, and (3) any disability after said fifty-two weeks shall be deemed total disability only if it shall continuously prevent the insured from engaging in any occupation or employment for wage or profit and (4) the weekly indemnity for total disability as provided herein above shall in no event extend beyond a period of 200 consecutive weeks from the date of commencement of disability as provided above.”
Plaintiff was injured in an automobile accident on July 27, 1972, and, as a result, remained off the job until September 4, 1972, when he returned to work full time. He remained at work until January 10, 1973, when he passed out on the job. He has been off the job since that time, and is shown by the medical testimony to have been totally disabled since then because of a ruptured intervertbral disc in his cervical spine.
Plaintiff made a claim under Coverage T through his local insurance agent, and defendant made 25 weeks of payments to him under that provision, totalling $1,250.00. They ceased payments after July 10, 1973, because they were no longer satisfied that plaintiff was totally disabled within the meaning of the policy.
However, in this court, defendant, for the first time, urges that plaintiff is not eligible for further benefits under the terms of the policy quoted above. It concedes that plaintiff was totally disabled from July 27 through September 4, 1972, but argues that *480 any disability subsequent to his return to work is not compensable under Coverage T because not continuous since the accident. This is clearly a correct contention. In order to recover, plaintiff’s disability must be total, preventing him from performing his occupation, and continuous, and it must arise within twenty days of the accident.
The record reflects that plaintiff was totally disabled from July 27 to September 4, 1972. He worked full time from then until January 10, 1973, when he again became totally disabled. His claim was for total disability beginning as of the latter date, but caused by the accident of July 27, 1972.
Under the clear and unambiguous terms of the policy, he is not entitled to benefits for his later disability because it was not continuous from the time of the accident. The record does not suggest that Mr. Johnson was unable to perform every duty of his occupation between September 4, 1972, and January 10, 1973, although it does show that he was working in pain.
Defendant has, however, made payments to plaintiff under Coverage T beyond those which it may have been obligated to make under the terms of the policy. It might be argued that in so doing, it has waived the provisions of the policy which protect it from liability. It may very well be that defendant can no longer recover payments erroneously made with full knowledge of the circumstances. However, we do not believe that they are now precluded from pleading the policy provisions as a defense for that reason alone. Payment under such circumstances cannot create an obligation when none existed under the policy.
We are, therefore, of the opinion that plaintiff is entitled to no further recovery under the provisions of Coverage T. Neither do we find plaintiff to be entitled to penalties and attorney’s fee.
The judgment appealed from is therefore reversed, and there will be judgment herein in favor of State Farm Mutual Automobile Insurance Company and against Sylvester Ray Johnson, dismissing his suit at his cost.
REVERSED AND RENDERED.